IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CALVIN WILLIAMS,

                              Petitioner,

  v.                                                          OPINION and ORDER

MATTHEW MARSKE,                                21-cv-724-jdp

                              Respondent.

---

Calvin Williams, appearing pro se, is a prisoner at the Federal Correctional Institution in Oxford, Wisconsin. Williams has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging his federal conviction for conspiracy to distribute methamphetamine. Williams pleaded guilty and was sentenced to 20 years in prison pursuant to a binding written plea agreement. He argues that the plea agreement and his conviction are invalid because they were based on the incorrect assumption that he would have been subjected to a mandatory minimum life sentence if found guilty at trial. He argues that, contrary to the government's position and the court's assumption, his prior Illinois drug convictions would not have qualified him for an enhancement under 21 U.S.C. § 851, because the Illinois drug statutes are categorically broader than federal law.

The petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases, which the court may apply to Section 2241 petitions. *See* Rule 1(b), Rules Governing Section 2254 Cases. Under Rule 4, a district court must dismiss the petition if it plainly appears that the petitioner is not entitled to relief. In this instance, Williams cannot obtain relief under § 2241 because his petition does not raise an argument

that was previously unavailable to him when he filed his direct appeal or § 2255 motion. Accordingly, I will dismiss the petition.

## BACKGROUND

In 2013, Williams was indicted for conspiring to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. Williams's sentencing exposure depended on the drug quantity that could be attributed to him. He faced 10 years to life if the government proved that he distributed more than 500 grams of methamphetamine. 21 U.S.C. §§ 846, 841(b)(1)(A)(viii). But if the government proved that he distributed less than 500 but more than 50 grams of methamphetamine, Williams faced a prison term of five to 40 years. §§ 846, 841(b)(1)(B)(viii). The indictment alleged that the conspiracy involved the larger amount: more than 500 grams of methamphetamine. If convicted as charged, Williams faced a potential life term.

Williams's potential sentence increased after the government filed a notice of prior convictions pursuant to 21 U.S.C. § 851, based on two prior felony drug offenses in Illinois (a 1995 conviction for possession of a controlled substance and a 2004 conviction for delivery of a controlled substance). If the § 851 enhancement applied and the government proved the 500-gram quantity, Williams faced a mandatory life sentence. §§ 846, 841(b)(1)(A)(viii). His exposure dropped to 10 years to life if the enhancement applied and the government proved a quantity between 50 and 500 grams. §§ 846, 841(b)(1)(B)(viii).

The parties negotiated a plea agreement under Rule 11(c)(1)(C) of Federal Rules of Criminal Procedure, in which Williams would plead guilty to the charged conspiracy in exchange for withdrawal of the § 851 information and an agreed-upon prison term of 20 years.

The plea agreement included a stipulation that Williams conspired to distribute more than 500 grams of methamphetamine. But at the plea hearing, Williams refused to concede that the conspiracy involved more than 500 grams. The government responded that the weight was not important to the Rule 11(c)(1)(C) agreement, that the government would revise the plea agreement to refer to "more than 50 but less than 500 grams," and that the agreed 20-year sentence would still apply. The court accepted the plea agreement and sentenced Williams to 20 years in prison and eight years of supervised release. The court confirmed, and the parties agreed, that Williams faced a mandatory life sentence if he rejected the plea agreement and was convicted as charged in the indictment.

Williams appealed, challenging the voluntariness of his plea. He argued that he was misled into thinking that he faced a mandatory life sentence even if he was convicted of distributing less than the 500 grams. The court of appeals rejected the argument and affirmed Williams's conviction and sentence. *United States v. Williams*, 719 F. App'x 524 (7th Cir. 2018).

In March 2019, Williams filed a motion under § 2255, arguing that his trial counsel was ineffective for several reasons. The district court denied the motion, *Williams v. United States*, No. 13-CR-10122, 2020 WL 579554 (C.D. Ill. Feb. 5, 2020), and Williams did not appeal.

In July 2021, Williams requested leave to file a successive motion under §§ 2244(b) and 2255(h) based on the court of appeals' decision in *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020). In *Ruth*, the court of appeals held that an Illinois drug conviction under 720 ILCS 570/401(c)(2) (concerning cocaine offenses) is not a predicate felony drug offense under § 841(b)(1) because Illinois's definition of "cocaine" is broader than the federal definition. Williams argued that under *Ruth*, his prior Illinois drug convictions were not "felony drug

3

offenses," that they could not have enhanced his sentence, and that he pleaded guilty based on incorrect information about his sentencing exposure. The court of appeals denied the request on the ground that *Ruth* did not announce a new constitutional rule.

Williams then filed a pro se motion in the Central District of Illinois, where he was sentenced, seeking relief from his plea and conviction based on *Ruth*. After the district court denied the motion, Williams filed a petition under § 2241 in this court.

ANALYSIS

Williams argues that his plea was not knowing and voluntary because he was sentenced based on false information about his potential sentence exposure. He argues that under *Mathis v. United States*, 579 U.S. 500 (2016), and several subsequent decisions by the Court of Appeals for the Seventh Circuit applying *Mathis*, his prior Illinois drug convictions would not have qualified as federal drug offenses that could have enhanced his sentence.

The threshold question is whether Williams's claim is one that may be brought in a § 2241 petition. Federal prisoners generally must challenge their convictions on direct appeal or under 28 U.S.C. § 2255 in the district court in which they were convicted. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). A federal prisoner may challenge a conviction under § 2241 only if § 2255 is "inadequate or ineffective to test the legality of his detention." *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)). To invoke the § 2255(e) savings clause and proceed under § 2241, a petitioner must: (1) be relying on a new case of statutory interpretation; (2) show that the new rule applies retroactively and could not have been invoked in the first § 2255 motion; and (3) show that the error is grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant. *Davis v. Cross*,

4

863 F.3d 962, 964 (7th Cir. 2017); *Light v. Caraway*, 761 F.3d 809, 812–14 (7th Cir. 2014); *In Re Davenport*, 147 F.3d 605, 611–12 (7th Cir. 1998).

Williams says that he satisfies the first prong because his argument is based on new cases of statutory interpretation clarifying that the categorical approach in *Taylor v. United States*, 495 U.S. 575, (1990) and *Mathis* v. *United States*, 579 U.S. 500 (2016) should be applied to determine whether a prior drug conviction qualifies as a predicate offense for federal sentencing enhancements. He points in particular to *United States v. Elder*, 900 F.3d 491 (7th Cir. 2018); *United States v. De La Torre*, 940 F.3d 938 (7th Cir. 2019); and *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020). In *Elder,* the court of appeals used the framework of *Taylor* and *Mathis* to conclude that a prior drug conviction under an Arizona statute could not be used to enhance a federal sentence because it criminalized the possession of more substances than those contained in the definition of "felony drug offense." 900 F.3d at 501–03. Similarly, in *De La Torre*, and in *Ruth*, the court of appeals applied a categorical analysis to conclude that the Illinois drug statutes at issue were categorically broader than federal definition of felony drug offense. 940 F.3d at 939; 966 F.3d at 650.

Williams does not address the fact that both *Mathis* and *Elder* were decided *before* he filed his § 2255 motion, and thus, cannot be considered new cases of statutory interpretation. But I need not decide whether any of the cases of statutory interpretation identified by Williams could satisfy the first prong of the test to invoke the § 2255(e) savings clause because it is clear that Williams's petition fails on the second prong: he cannot show that his argument was "previously unavailable" to him.

An argument was previously unavailable if it "would have been futile" to raise the argument because the law of the circuit in which the petitioner was convicted was "squarely

5

against" the petitioner. *Beason v. Marske*, 926 F.3d 932, 936 (7th Cir. 2019). *See also Chazen v. Marske,* 938 F.3d 851, 862-63 (7th Cir. 2019) (looking to the law of the circuit of conviction to determine whether an argument was available to a § 2241 petitioner at the time he sought § 2255 relief); *Morales v. Bezy*, 499 F.3d 668, 672 (7th Cir. 2007) ("Only if the position is foreclosed (as distinct from not being supported by—from being, in other words, novel) by precedent" . . . can a petitioner satisfy the second prong of the test). Williams's argument is that the categorical or modified categorial approach must be applied in determining whether his Illinois drug convictions qualify as prior felony drug convictions for purposes of an § 851 enhancement. He argues that under the categorical approach, Illinois drug statutes are broader than the federal definition of felony drug offense and thus, his prior Illinois convictions could not have enhanced his sentence. But that argument was not foreclosed by Seventh Circuit law at the time of his conviction. Williams has cited no cases from the Seventh Circuit that had addressed that question at the time of his direct appeal or § 2255 motion, let alone a case that decided the issue against Williams's position. Nor has Williams cited to any case that would have foreclosed his argument by analogy.

Williams argues that his claim was previously unavailable because intervening authorities, including *Mathis, Elder*, *De La Tore*, and *Ruth*, clarified how the categorical approach should be applied when analyzing prior convictions. But none of those cases made any new arguments available to Williams. The Court of Appeals for the Seventh Circuit has explained that no decisions from the Supreme Court or Seventh Circuit foreclosed the argument that the categorical approach should be used to determine whether a drug conviction qualifies as a prior felony drug conviction. *See United States v. Nebinger*, 987 F.3d 734, 742 (7th Cir. 2021) (petitioner could have argued "that his state drug conviction did not qualify as [a federal]

6

predicate under the categorical approach in the district court or in the first appeal in 2017. Nothing in either Supreme Court or Seventh Circuit precedent foreclosed it or even made it a long shot."); *Liscano v. Entzel,* 839 F. App'x 15, 16–17 (7th Cir. 2021) (affirming dismissal of § 2241 petition because petitioner "could have obtained in 2003 or 2009 a decision on the same line of argument [that sentence was improperly enhanced based on Illinois drug convictions] that he presents now," and noting that "*Mathis* was not exactly a bolt from the blue."); *Brown v. Williams*, No. 19-2331, 2021 WL 2815409, at *2 (7th Cir. May 19, 2021) (affirming dismissal of § 2241 because "a *Mathis*-type claim about the divisibility of a [state drug] statute has long been available to litigants who, like Brown, were sentenced in the Seventh Circuit"); *Cabell v. Sproul*, No. 21-CV-00322-SPM, 2021 WL 2313424, at *2 (S.D. Ill. May 21, 2021) (dismissing § 2241 petition because petitioner was not foreclosed from making a *Mathis*-type challenge to use of prior Indiana cocaine conviction to enhance his sentence).

Williams could have challenged the government's § 851 enhancement notice by raising the same argument that the petitioners raised in *Elder*, *De La Torre*, and *Ruth*—that his state drug convictions did not qualify as federal predicate offenses under *Taylor*'s categorical approach. Williams could have made the argument at his plea hearing, on appeal, or in his § 2255 motion. That argument was not foreclosed by Seventh Circuit law at the time of Williams's criminal case, so Williams's cannot use § 2255(e)'s saving clause to obtain relief under § 2241.

Under Rule 11 of the Rules Governing Section 2254 Cases (which can be applied to cases under § 2241 as well), the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. The question is whether "reasonable jurists could

debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Williams has not made a substantial showing of a denial of a constitutional right, so no certificate will issue.

## ORDER

IT IS ORDERED that:

1. Petitioner Calvin Williams's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is DENIED.

2. Williams is DENIED a certificate of appealability. He may seek a certificate from the court of appeals under Fed. R. App. P. 22.

3. The clerk of court is directed to enter judgment and close this case.

Entered February 3, 2022.

BY THE COURT:
/s/

_____
JAMES D. PETERSON
District Judge